**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SARKIS J. KHOURY, | No.   15-56088 |
| Plaintiff-counter-defendant - Appellant, | D.C. No. 5:13-cv-00716-JGB-DTB |
| v. | |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA, | MEMORANDUM* |
| Defendant-counter-claimant – Appellee. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted June 6, 2017
Pasadena, California

Before:  LIPEZ,** BEA, and HURWITZ, Circuit Judges.

After conducting an internal investigation, the Regents of the University of

California ("Regents") terminated Sarkis Khoury's employment as a professor of

finance at the University of California-Riverside's Anderson Graduate School of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

Management and denied him emeritus status. Khoury then sued the Regents, arguing that the investigation and subsequent actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a). The Regents countersued, alleging Khoury had defrauded them by failing to disclose money earned from his undisclosed and unauthorized side business and by failing to disclose money earned from unauthorized teaching at a foreign university while on sabbatical.

The district court entered summary judgment in favor of the Regents on Khoury's Title VII claims, except for his claim that the initial investigation was in retaliation for protected speech. That claim was tried before a jury, which rejected it. On the first day of the trial, Khoury unsuccessfully sought a judgment as a matter of law ("JMOL") on the Regents' counterclaims. The jury found in favor of the Regents on the fraudulent concealment counterclaim, awarding $14,500 in damages. At the conclusion of the trial, the Regents filed an application to tax costs as the prevailing party, which the district court largely approved, ordering Khoury to pay $19,691.47.

On appeal, Khoury challenges the district court's summary judgment order only insofar as it foreclosed him from arguing at trial that his termination and denial of emeritus status were also the result of illegal retaliation. He also challenges the district court's denial of his JMOL motion on the Regents' counterclaims and

2

taxation of costs. We have jurisdiction over Khoury's appeal under 28 U.S.C. § 1291. We affirm.

1. When considering a motion for summary judgment on a Title VII retaliation claim, courts follow the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Dawson v. Entek Int'l,*, 630 F.3d 928, 936 (9th Cir. 2011). Under this framework, an employee must set forth a prima facie case of retaliation. *Id.* To do this, the employee must demonstrate that (1) he engaged in a protected activity under Title VII, (2) the employer subsequently took an adverse employment action, and (3) a causal link exists between the two events. *Id.* If the employee carries this burden, the defendant-employer must set forth a legitimate non-retaliatory reason for taking the adverse employment action. *Id*. If the defendant does so, the burden shifts back to the plaintiff to produce evidence sufficient to raise a genuine issue of material fact as to whether the reason proffered is mere pretext for retaliation. *Id.*

The district court correctly found that Khoury failed to raise a genuine issue of material fact at the pretext stage on the Regents' decision to terminate his faculty position and deny him emeritus status. *See id.* The Regents terminated Khoury after a disciplinary hearing involving two distinct sets of charges. The first set of charges involved Khoury's actions regarding the university's hiring of a tenure-track faculty member. Those charges and the university's investigation of them were the focus of

3

the jury trial on Khoury's retaliation claim. The second set of charges involved Khoury's alleged harassment of university staff, his unauthorized side business, and his unauthorized outside teaching. The Regents' decision to terminate Khoury and deny him emeritus status stemmed solely from the second set of charges. On this second set of charges, Khoury had the benefit of a neutral hearing and decision maker, unaffected by any retaliatory bias that allegedly gave rise to the first set of charges. Under these circumstances, he failed to meet his burden at the final stage of the *McDonnell Douglas* framework on the termination issue.

2. The district court correctly denied Khoury's JMOL motion as untimely because it was "not properly considered as a Rule 50 motion." The purpose of a Rule 50 JMOL motion is to "save the time and trouble involved in a lengthy jury determination when there is a clear insufficiency of evidence on one side of the case or the other." 9B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2521 (3d. ed. 2008). Khoury's JMOL motion did not argue that the Regents failed to present sufficient evidence to prove their counterclaims. Instead, he argued that the Regents should be barred from bringing their counterclaims under theories of collateral estoppel and judicial exhaustion. As such, his JMOL motion was a belated attempt to initiate a long-overdue Rule 12(b)(6) motion to dismiss.

3. Khoury's appeal of the taxing of costs rests entirely on his contention that the district court should have granted his JMOL motion with respect to the Regents'

4

counterclaims.  Because we uphold the judgment on the counterclaims, we also affirm the district court's taxing of costs.

**AFFIRMED**.